### JOHN L. PHELPS v. STATE.

No. A-3869.   Opinion Filed Jan. 29, 1923.
Rehearing Denied April 21, 1923.
(214 Pac. 912.)

(Syllabus.)

**Homicide—Evidence to Sustain Conviction of Manslaughter in First Degree.** In a prosecution for murder, evidence held to sustain a conviction of manslaughter in the first degree, and that no material error was committed upon the trial.

Appeal from District Court, Blaine County; Thos. A. Edwards, Judge.

John L. Phelps was convicted of manslaughter in the first degree, and he appeals. Affirmed.

C. H. Carswell, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, John L. Phelps, was convicted in the district court of Blaine county of manslaughter in the first degree, and his punishment fixed at imprisonment

in the penitentiary for the term of 10 years. From the judgment rendered on the verdict an appeal was perfected by filing in this court on October 15, 1920, a petition in error with case-made.

The defendant is not represented by counsel in this court, and we have nothing before us but the petition in error and case-made. The errors assigned are: (1) The court erred in overruling defendant's demurrer to the information. (2) The court erred in giving instructions.

The information reads:

"In the name and by the authority of the state of Oklahoma, now comes Ben Smith, county attorney in and for the state and county aforesaid, and gives the court to know and be informed that one John L. Phelps, late of the county of Blaine and state of Oklahoma on the 18th day of January, in the year of our Lord one thousand nine hundred and twenty, at and within the said county and state, did then and there unlawfully, willfully, and intentionally, knowingly, wantonly, maliciously, and feloniously, and without authority of law, and with the premediated design to effect the death of one William H. Hamilton, a person then and there being, make an assault on the said William H. Hamilton with a certain dangerous and deadly weapon, to wit, a revolver, then and there loaded with gunpowder and bullets, and which revolver he, the said John L. Phelps, then and there had and held in his hand, and the said John L. Phelps did then and there willfully, unlawfully, feloniously, and without authority of law, and with the premeditated design to effect the death of the said William H. Hamilton, fire and discharge and shoot off said revolver at and towards the said William H. Hamilton, and did thereby then and there inflict a certain mortal wound in and upon the body of the said William H. Hamilton, from which mortal wound and as a result thereof the said William H. Hamilton, thereafter and on said 18th day of January, A. D. 1920, in said Blaine county, state of Oklahoma, did die, and in the manner and form aforesaid the said John L. Phelps did

kill and murder the said William H. Hamilton, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state.''

It is needless to say that the information contains the essential allegations of a charge of murder. The demurrer thereto was properly overruled. The following facts appear from the record:

William H. Hamilton, deceased, lived at Canton. Sam Mayhall and deceased had a contract to move a house and repair the same on an Indian allotment. Defendant, Phelps, worked for them, and during that time lived with deceased. There was a dispute with defendant as to the amount due him. Mr. Mayhall arranged a meeting to settle with defendant for his work. They met at Mayhall's barn on Sunday morning. Defendant and Mayhall were there before deceased came. They talked in a general way. Then defendant said, ''Let's settle up; I want to go.'' Deceased said, ''What was your bill, John?'' Defendant said, ''Twenty-two dollars.'' Deceased said, ''How does it come that Bill Meyers was up here on that job longer than you, and your bill is bigger than Meyers?'' Defendant said he worked there after Meyers quit. Mayhall said, ''Meyers was there until the work was done.'' Defendant said, ''He was not.'' Deceased said, ''You are a damn liar; he was.'' They stood up and the defendant pulled a gun. Deceased said, ''I am not afraid of you or your gun,'' and advanced on the defendant. Defendant backed away and shot him. The bullet passed through the heart. Deceased said, ''Sam, come here,'' and dropped dead.

As a witness in his own behalf defendant testified:

''When deceased raised up, I jumped to my feet and commenced to back up. He kept coming towards me, and said, 'You God damn son of a bitch, I will knock your head off.' I told him to stop; that I did not want any trouble with him.

I thought he had a knife in his hand. He was within three or four feet of me, and I jerked my gun and shot him."

The record is voluminous, but we deem it unnecessary to further detail the evidence in the case. The instructions of the court covered every phase of the case presented by the testimony, and were exceptionally fair to defendant. No objection was made nor exceptions taken to the instructions given. We think the testimony, without any doubt, is ample to sustain the conviction. Upon consideration of the whole case we are satisfied that the substantial rights of defendant have not been prejudiced by reason of any error of law appearing in the record.

The judgment appealed from is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.